James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Rd.
Roseland, NJ 07068
Tel. 973-994-1700
JCecchi@carellabyrne.com
DEcklund@carellabyrne.com
KCooper@carellabyrne.com

[Additional Counsel Below]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID D'AGOSTINO, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>INNODATA, INC., JACK ABUHOFF, MARK SPELKER, and MARISSA ESPINELI,<br><br>    Defendants. | Case No. 2:24-cv-00971-JKS-JSA<br><br>CLASS ACTION |

## FRANCIS GRONDIN'S MEMORANDUM OF LAW
## IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION

On April 22, 2024, four competing motions were filed by putative class members seeking appointment as lead plaintiff under the Private Securities Litigation Reform Act of 1995 ("PSLRA"): Francis Grondin (ECF No. 4); Randall Jones (ECF No. 3), Jeffrey Morrow (ECF No. 5); and Curtis Gardner (ECF No. 6). On May 6. 2024, two of these motions were withdrawn. (*see* ECF No. 7 on behalf of Jeffrey Morrow and ECF No. 9 on behalf of Randall Jones), leaving only one other competing movant. The submissions of the movants show that Francis Grondin is the "most adequate plaintiff" within the meaning of the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The statutory framework provides a strong presumption that the "most adequate plaintiff" in a securities class action is the movant with the largest financial interest in the relief sought by the class that also meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id*. Francis Grondin has the largest financial interest in the relief sought by the class:

| Movant | Loss Suffered |
|---|---|
| Grondin (ECF No. 4) | $27,798.69 |
| Gardner (ECF No. 6) | $24,426.00 |
| Randall Jones (ECF No. 3) | $6,322.80 |
| Morrow (ECF No. 5) | $719.09 |

In addition to being the movant with the largest losses, Mr. Grondin also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. By contrast, the last competing movant cannot be appointed as lead plaintiff because he did not suffer the largest loss, nor can he rebut the presumption favoring Mr. Grondin. Accordingly, Mr. Grondin respectfully requests that his motion be granted.

## ARGUMENT

In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that —
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id*. § 78u–4(a)(3)(B)(iii)(II); *In re Cendant*, 264 F.3d at 222. Thus, "the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[ ] and adequate[ ]' job." *In re Cendant*, 264 F.3d at 268.

As demonstrated below, Mr. Grondin is presumptively the "most adequate plaintiff" because he is the movant that has the largest financial interest and also satisfies the requirements of Rule 23 and will fairly and adequately protect the interests of the class.

**A.    Mr. Grondin has the Largest Financial Interest of any Movant Because he has the Largest Loss**

To determine which plaintiff holds the "largest financial interest" for the purposes of the PSLRA, district courts in the Third Circuit consider "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Lewis v. Lipocine Inc.*,

2016 WL 7042075, at *4 (D.N.J. Dec. 2, 2016) (quoting *In re Cendant*, 264 F. 3d at 262). "District courts in this Circuit have accorded the 'largest financial loss' element the most weight in the analysis for appointment of a lead plaintiff." *Id.* (quoting *Lifestyle Investments, LLC v. Amicus Therapeutics, Inc.*, 2016 WL 3032684, at *5 (D.N.J. May 26, 2016)).

Here, there is no dispute that Mr. Grondin has the largest losses of any movant and should thus be awarded the presumption. While the other movant may point to having purchased more shares than Mr. Grondin, courts in the Third Circuit have made clear that the "largest financial loss" is awarded the "greatest weight." *Roby v. Ocean Power Tech., Inc.*, 2015 WL 1334320, at *5 (D.N.J. March 17, 2015) (collecting district court cases within the Third Circuit).

Indeed, "the Third Circuit has concluded that 'largest financial interest' means the largest loss." *Takata v. Riot Blockchain, Inc.*, 2018 WL 5801379, at *3 (D.N.J. Nov. 6, 2018) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001); *In re Able Labs Sec. Litig.*, 425 F. Supp. 2d. 562, 567 (D.N.J. 2006)); *see Stires v. Eco Sci. Solutions, Inc.*, 2018 WL 5784817, at *4 (D.N.J. Feb. 13, 2018) ("the members of the Eco Science Investor Group collectively lost $303,208.42 and Roschke lost $294,666.00. Thus, the Eco Science Investor Group has the 'largest financial interest in the relief sought by the class.'"). Only when there is no "clear choice" as to the largest loss should the Court consider the other factors. *Takata*, 2018 WL 5801379, at *3. Here, there is no reason to look beyond movants' financial losses because Mr. Grondin's are clearly the largest.

**B.    Mr. Grondin is Typical and Adequate**

Once the movant with the largest financial interest is identified, the Court proceeds with assessing whether they "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "[O]f the four requirements for class certification under Rule 23(a), only two—typicality and adequacy of representation—directly address whether a lead plaintiff movant is the 'most adequate plaintiff.'" *Greene v. Prince*, 2023

WL 6785119, at *3 (D.N.J. Oct. 13, 2023) (*citing Chao Sun v. Han*, 2015 WL 2364937, at *3 (D.N.J. May 14, 2015) (citation omitted)). At the lead plaintiff stage of the litigation, unlike the class certification stage, a proposed lead plaintiff need only make a "preliminary showing" that they will satisfy the typicality and adequacy requirements of Rule 23. *Sklar v. Amarin Corp. PLC*, 2014 WL 3748248, at *6 (D.N.J. July 29, 2014); see also *Greene*, 2023 WL 6785119, at *3 ("At this stage of the litigation, the parties need make only a *prima facie* showing of typicality and adequacy, as determined by the Court in its independent judgment"); *In re Cendant*, 264 F.3d at 264 (explaining that "both the statutory structure and the legislative history [of the PSLRA] suggest that the court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive."). Mr. Grondin satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

Mr. Grondin satisfies Rule 23's typicality requirements because his claims "arise from the same event or course of conduct that gives rise to the other class members' claims and are based on the same legal theory." *Greene*, 2023 WL 6785119, at *3; *see also* Fed. R. Civ. P. 23(a)(3). Mr. Grondin alleges, "as do all putative class members, that Defendants violated federal securities laws during the Class Period by making false or misleading statements of material facts, or omitting to state material facts," and that he purchased or otherwise acquired Innodata securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. *Lewis*, 2016 WL 7042075, at *5; ECF 1 at 1. Mr. Grondin also meets Rule 23's adequacy requirement because he has no interests antagonistic to the class and his "large financial loss creates a strong incentive for [him] to fully prosecute this action." *Lewis*, 2016 WL 7042075, at *5; *Lifestyle*, 2016 WL 3032684, at *7. Mr. Grondin's adequacy is bolstered by his selection of

Block & Leviton LLP as lead counsel, and Carella Byrne Cecchi Brody & Agnello, P.C. as local counsel. *See* ECF 4-2 at 6, 7 (describing Block & Leviton's qualifications). Therefore, Mr. Grondin is entitled to the presumption, under the PSLRA, that he is the "most adequate plaintiff."

**C.    Competing Movants Cannot Rebut the Presumption that Mr. Grondin is the Most Adequate Plaintiff**

To rebut the strong presumption in favor of appointing the Mr. Grondin as lead plaintiff, the PSLRA requires "proof" that Mr. Grondin "will not fairly and adequately protect the interests of the class; or … is subject to unique defenses that render it incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Here, the competing movant cannot offer any such proof. Accordingly, the Court should grant Mr. Grondin's motion, appoint Block & Leviton lead counsel and Carella Byrne local counsel, and deny the competing movant's motions.

**CONCLUSION**

Because Mr. Grondin is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, the Court should appoint him Lead Plaintiff, and approve his selection of Block & Leviton as Lead Counsel and Carella Byrne Cecchi Brody & Agnello, P.C. as Local Counsel.

Dated: May 6, 2024                          Respectfully submitted,

/s/ Kevin G. Cooper
James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
**CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.**
5 Becker Farm Rd.
Roseland, NJ 07068
Tel. 973-994-1700
JCecchi@carellabyrne.com
DEcklund@carellabyrne.com
KCooper@carellabyrne.com

*Local Counsel to Movant Grondin and*
*Proposed Local Counsel to the Class*

Jeffrey C. Block (*pro hac vice pending*)
Jacob A. Walker (*pro hac vice pending*)
Sarah Delaney (*pro hac vice forthcoming*)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
jake@blockleviton.com
sarah@blockleviton.com

*Counsel to Movant Grondin and Proposed*
*Lead Counsel to the Class*