POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Movant Curtis Gardner
and Proposed Lead Counsel for the
Class*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID D'AGOSTINO, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>INNODATA INC., JACK ABUHOFF, MARK SPELKER, and MARISSA ESPINELI,<br><br>     Defendants. | Case No. 2:24-cv-00971-JKS-JSA<br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF CURTIS GARDNER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>Motion Date: May 20, 2024 |

## <u>TABLE OF CONTENTS</u>

ARGUMENT ...................................................................................................................1

CONCLUSION ..............................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Vitamin Shoppe, Inc.*,
No. 2:17-CV-6454-KM-MAH, 2018 WL 1960444 (D.N.J. Apr. 25,
2018) ........................................................................................................1

*Alkhoury v. Lululemon Athletica, Inc.*,
No. 13 Civ. 4596 (KBF), 2013 WL 5496171 (S.D.N.Y. Oct. 1,
2013) .....................................................................................................2, 4

*Arias v. Bird Glob., Inc.*,
No. 222CV08406ODWAGRX, 2023 WL 3814040 (C.D. Cal. June
2, 2023) ....................................................................................................3

*City of Hollywood Firefighters' Pension Fund v. TransDigm Grp.,
Inc.*,
No. 1:17 CV 1958, 2017 WL 6028213 (N.D. Ohio Dec. 5, 2017) .....................2

*Dura Pharmaceuticals, Inc. v. Broudo*,
544 U.S. 336 (2005) ................................................................................4, 5

*Eichenholtz v. Verifone Holdings, Inc.*,
No. C07-06140MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22,
2008) ........................................................................................................5

*Foster v. Maxwell Techs., Inc.*,
No. 13-CV-00580-BEN-RBB, 2013 WL 5780424 (S.D. Cal. Oct.
24, 2013) ...................................................................................................5

*In re Cable & Wireless, PLC, Sec. Litig.*,
217 F.R.D. 372 (E.D. Va. 2003) ....................................................................6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) .........................................................................7

*In re Critical Path, Inc. Sec. Litig*,
156 F. Supp. 2d 1102 (N.D. Cal. 2001) ..........................................................6

ii

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
No. 16CV03495ATBCM, 2016 WL 5867497 (S.D.N.Y. Oct. 4,
2016) ................................................................................................6

*In re Doral Fin. Corp. Sec. Litig.*,
414 F. Supp. 2d 398 (S.D.N.Y. 2006) .................................................4

*In re Elan Corp. Sec. Litig.*,
No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11,
2009) .............................................................................................3, 4

*In re Network Assocs., Inc., Sec. Litig.*,
76 F. Supp. 2d 1017 (N.D. Cal. 1999)................................................6

*In re Pfizer Inc. Sec. Litig.*,
233 F.R.D. 334 (S.D.N.Y. 2005) .......................................................4

*In re Party City Sec. Litig.*,
189 F.R.D. 91 (D.N.J. 1999)...............................................................7

*Juliar v. Sunopta Inc.*,
No. 08 CIV. 1070 (PAC), 2009 WL 1955237 (S.D.N.Y. Jan. 30,
2009) ................................................................................................4

*Laborers Loc. 1298 Pension Fund v. Campbell Soup Co.*,
No. CIV. A. 00-152 (JEI), 2000 WL 486956 (D.N.J. Apr. 24,
2000) ................................................................................................8

*Lawless v. Aurora Cannabis Inc.*,
No. CV2013819RMBSAK, 2021 WL 2850451 (D.N.J. July 8,
2021) ................................................................................................2

*Lax v. First Merchants Acceptance Corp.*,
Nos. 97 C 2715 *et al.*, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)..............*passim*

*Lee Goodman Tr. v. Wheels Up Experience Inc.*,
No. 23CIV2900OEMVMS, 2023 WL 8631014 (E.D.N.Y. Dec. 12,
2023) ................................................................................................3

*Pelletier v. Endo Int'l PLC*,
316 F. Supp. 3d 846 (E.D. Pa. 2018).................................................5

*Pio v. Gen. Motors Co.*,
    No. CIV. 14-11191, 2014 WL 5421230 (E.D. Mich. Oct. 24, 2014) ..........3, 6, 8

*Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*,
    No. 06 CIV. 5797 PAC, 2007 WL 7952453 (S.D.N.Y. Feb. 21,
    2007) ..................................................................................................................2

*Ruland v. InfoSonics Corp.*,
    No. 06CV1231 BTMWMC, 2006 WL 3746716 (S.D. Cal. Oct. 23,
    2006) ..................................................................................................................6

*Schueneman v. Arena Pharms., Inc.*,
    No. 10CV1959 BTM BLM, 2011 WL 3475380 (S.D. Cal. Aug. 8,
    2011) ..................................................................................................................6

*Shupe v. Rocket Companies, Inc.*,
    No. 1:21-CV-11528, 2022 WL 1421493 (E.D. Mich. May 5, 2022)...................6

*Turpel v. Canopy Growth Corporation*,
    23 Civ. 4302 (PAE), 2023 WL 8276633 (S.D.N.Y. Nov. 30, 2023) ...................5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ...............................................................7

*Westchester Putnam Ctys. Heavy & Highway Laborers Loc. 60*
    *Benefit Funds v. Brixmor Prop. Grp. Inc.*,
    No. 16-CV-02400 (AT)(SN), 2016 WL 11648466 (S.D.N.Y. Nov.
    29, 2016) .........................................................................................................2, 4

**Statutes**

15 U.S.C. § 78u-4.................................................................................................1, 8

Private Securities Litigation Reform Act of 1995 ..........................................*passim*

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................1, 8

Movant Gardner[1] respectfully submits this reply memorandum of law in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel (Dkt. No. 6); and in response to the competing motion of Grondin (Dkt. No. 4).[2]

## ARGUMENT

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class"; and has made a *prima facie* showing of typicality and adequacy within the meaning of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Aguilar v. Vitamin Shoppe, Inc.*, No. 2:17-CV-6454-KM-MAH, 2018 WL 1960444, at *8-9 (D.N.J. Apr. 25, 2018). This presumption can only be rebutted upon proof that the presumptive "most adequate plaintiff" is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, as discussed at length in Gardner's opposition brief (*see generally* Dkt. No. 11), Gardner is the only movant who satisfies the PSLRA's "most adequate plaintiff" criteria. First, Gardner has a larger financial interest in this Action than

---

[1] All capitalized terms herein are defined in Gardner's moving or opposition briefs, unless otherwise indicated. *See* Dkt. Nos. 6-2, 11.

[2] Initially, two other putative Class members filed similar competing motions: (i) Jones (Dkt. No. 3); and (ii) Morrow (Dkt. No. 5). On May 6, 2024, Jones and Morrow withdrew their competing motions. *See* Dkt. Nos. 7, 9.

1

Grondin under an appropriately holistic analysis that takes into account all four *Lax* factors. *See, e.g.*, *Lawless v. Aurora Cannabis Inc.*, No. CV2013819RMBSAK, 2021 WL 2850451, at *2-3 (D.N.J. July 8, 2021) (examining financial interest under the PSLRA with reference to all four *Lax* factors); *Westchester Putnam Ctys. Heavy & Highway Laborers Loc. 60 Benefit Funds v. Brixmor Prop. Grp. Inc.*, No. 16-CV-02400 (AT)(SN), 2016 WL 11648466, at *2 (S.D.N.Y. Nov. 29, 2016) (weighing all four *Lax* factors and appointing movant with lower loss); *Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, No. 06 CIV. 5797 PAC, 2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (same). A holistic analysis of all four *Lax* factors is particularly appropriate where, as here, there is only a small difference between competing movants' claimed losses such that those losses should be treated as roughly equal. *See Brixmor*, 2016 WL 11648466, at *2 (looking to other *Lax* factors where there was only a 16% difference between losses and appointing investor with the smaller loss as lead plaintiff); *Alkhoury v. Lululemon Athletica, Inc.*, No. 13 Civ. 4596 (KBF), 2013 WL 5496171, at *1 (S.D.N.Y. Oct. 1, 2013) (holding that a "slightly higher" loss amount of approximately $2,000 was a "negligible difference" and was "insufficient to outweigh the substantial financial interest . . . evidenced by the other [*Lax*] factors"); *City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*, No. 1:17 CV 1958, 2017 WL 6028213, at *3 (N.D. Ohio Dec. 5, 2017) ("find[ing] that the difference in the approximate losses does not overcome

2

the combined weight of the first three [*Lax*] factors"); *Arias v. Bird Glob., Inc.*, No. 222CV08406ODWAGRX, 2023 WL 3814040, at *4 (C.D. Cal. June 2, 2023) ("[T]his Court finds persuasive the approach of courts which, faced with competing movants whose claimed losses are roughly equal, treat those losses as equivalent and look to the other three *Lax* factors to determine which movant has the largest financial interest."); *Lee Goodman Tr. v. Wheels Up Experience Inc.*, No. 23CIV2900OEMVMS, 2023 WL 8631014, at *2 (E.D.N.Y. Dec. 12, 2023) ("[I]f a movant suffers the largest loss by only a small percentage, the first three [*Lax*] factors carry more weight."); *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *1 (S.D.N.Y. May 11, 2009) (appointing movant with lesser claimed loss over another movant explaining approximate $21,000 difference in losses is "basically equal"); *see also Pio v. Gen. Motors Co.*, No. CIV. 14-11191, 2014 WL 5421230, at *4 (E.D. Mich. Oct. 24, 2014) ("The Court declines the invitation to ignore all but the fourth Lax factor in deciding which movant has the largest financial interest in this litigation" because "the first three factors provide the most objective measurement of a movant's stake in the litigation because the fourth factor is heavily dependent on the method applied and numbers chosen to calculate losses.").

Here, there is only a roughly $3,000, or 13%, difference between Grondin's claimed loss ($27,799) and Gardner's ($24,426), making those losses roughly equal.

3

*See In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 (S.D.N.Y. 2006) (holding that a 17% difference in losses was "roughly equal"); *Alkhoury*, 2013 WL 5496171, at *1 (holding that a "slightly higher" loss amount of approximately $2,000 was a "negligible difference"); *Juliar v. Sunopta Inc.*, No. 08 CIV. 1070 (PAC), 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) (stating that a $30,000 difference in losses was "minimal"); *Elan*, 2009 WL 1321167, at *1 (explaining approximate $21,000 difference in losses "basically equal"); *In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 338 (S.D.N.Y. 2005) (finding that movants respectively claiming $22.4 million and $22.8 million in losses had roughly equal damages).

With respect to the three *Lax* factors that "provide a more objective assessment of a movant's financial interest than the losses suffered"—*i.e.*, shares purchased, funds expended, and, most importantly, net shares purchased (also referred to as "retained shares")—Gardner purchased and retained significantly more Innodata shares during the Class Period than Grondin (18,300 vs. 6,795 in both instances, a difference of 91.69%), as well as expended significantly more funds during the Class Period than Grondin ($149,964 vs. $74,412, a difference of 67.34%). *Brixmor*, 2016 WL 11648466, at *2. The fact that Gardner retained more shares than Grondin is especially significant because, as the Supreme Court held in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), in an action under the federal securities laws, the only relief that can be sought by a plaintiff or a class is

the loss proximately caused by the defendant's wrongdoing. 544 U.S. 336, 338 (2005). Accordingly, under *Dura*, any recoverable losses must stem from a cognizable cause—*i.e.*, here, the revelation of Defendants' alleged fraud through corrective disclosures that damaged Innodata shareholders when the Company's stock price declined. *See id.* at 342 ("[If] the purchaser sells the shares . . . before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."); *see also Pelletier v. Endo Int'l PLC*, 316 F. Supp. 3d 846, 849 (E.D. Pa. 2018) ("What the plaintiffs lost is what they may recover. Including losses that were incurred before any disclosure could not have been caused by any disclosures and are not recoverable."); *Eichenholtz v. Verifone Holdings, Inc.*, No. C07-06140MHP, 2008 WL 3925289, at *3 (N.D. Cal. Aug. 22, 2008) ("[L]oss causation can only be demonstrated ***with respect to shares retained as of the date of the corrective disclosure***." (Emphasis added.)); *Foster v. Maxwell Techs., Inc.*, No. 13-CV-00580-BEN-RBB, 2013 WL 5780424, at *3 (S.D. Cal. Oct. 24, 2013) ("The misrepresentation does not lead to a loss ***if the purchaser sells the shares before the truth is revealed***." (Emphasis added.)). Accordingly, the fact that Gardner retained significantly more shares at the time of the alleged corrective disclosure than Grondin tips the balance greatly in Gardner's favor of having the largest financial interest in this litigation. *See Turpel v. Canopy Growth Corporation*, 23 Civ. 4302 (PAE), 2023 WL 8276633, at *6 (S.D.N.Y. Nov. 30, 2023) (emphasizing

5

significance of shares retained at the time of a corrective disclosure in evaluating financial interest); *Shupe v. Rocket Companies, Inc.*, No. 1:21-CV-11528, 2022 WL 1421493, at *219-20 (E.D. Mich. May 5, 2022) (finding "some courts have found the second factor—retained shares—to be the most determinative factor in approximating an investor's potential recovery" under the PSLRA and determining largest financial interest on that basis); *Pio*, 2014 WL 5421230, at * ("[C]ourts have found the second factor-retained shares-to be the most determinative factor in approximating an investor's potential recovery."); *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) ("At least as a first approximation, the candidate with the most net shares purchased will normally have the largest potential damage recovery."); *In re Critical Path, Inc. Sec. Litig*, 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) (net shares purchased is "determinative" of financial interest); *Ruland v. InfoSonics Corp.*, No. 06CV1231 BTMWMC, 2006 WL 3746716, at *6 (S.D. Cal. Oct. 23, 2006) (appointing movant that "has the greatest number of net shares purchased" as lead plaintiff because that movant "has the largest potential recovery"); *Schueneman v. Arena Pharms., Inc.*, No. 10CV1959 BTM BLM, 2011 WL 3475380, at *4 (S.D. Cal. Aug. 8, 2011) (same).[3]

---

[3] *See also In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 375 n.4 (E.D. Va. 2003) (considering net shares purchased (*i.e.*, retained shares) alongside losses suffered in assessing financial interest); *In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16CV03495ATBCM, 2016 WL 5867497, at *4 (S.D.N.Y. Oct. 4, 2016)

6

In sum, as discussed more fully in his opposition brief (*see* Dkt. No. 11 at 1-16), Gardner clearly possesses the largest financial interest in this litigation within the meaning of the PSLRA because, while his losses are slightly lower than Grondin's, Gardner leads with an overwhelming advantage with respect to every other *Lax* factor—most critically, retained shares.

Opposing Gardner's motion, Grondin would have the Court ignore all but the competing movants' claimed losses in determining which movant has the largest financial interest under the PSLRA, regardless of the nominal difference between those losses. *See* Dkt. No. 10 at *2-4. Accordingly, Grondin asserts that he, rather than Gardner, has the largest financial interest in this Action based solely on his marginally larger loss and should thus be appointed Lead Plaintiff. *See id.* Grondin is wrong. Monetary loss is only one of the metrics that courts consider in assessing the financial interest of competing lead plaintiff movants under the PSLRA. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("[C]ourts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs."); *In re Party City Sec. Litig.*, 189 F.R.D. 91, 105 (D.N.J. 1999) (identifying "the

---

(same); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008) (same).

number of net shares purchased by the movant during the Class Period" as an additional factor for courts to consider); *Laborers Loc. 1298 Pension Fund v. Campbell Soup Co.*, No. CIV. A. 00-152 (JEI), 2000 WL 486956, at *2 (D.N.J. Apr. 24, 2000) ("Many courts have adopted [the] four-prong [*Lax*] test to evaluate the size of a party's financial interest in the litigation."); *see also Pio*, 2014 WL 5421230, at *4. As discussed above and at length in Gardner's opposition brief (*see* Dkt. No. 11 at 1-16), considering all four of these factors, Gardner clearly possesses the largest financial interest in this litigation within the meaning of the PSLRA.

In addition to Gardner possessing the largest financial interest in this Action, no movant has challenged Gardner's adequacy or typicality under Rule 23, nor has any movant argued that Gardner is subject to any disqualifying unique defenses. Accordingly, Gardner is the presumptive "most adequate plaintiff" of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

## CONCLUSION

For the foregoing reasons, Gardner respectfully requests that the Court issue an Order: (1) appointing Gardner as Lead Plaintiff for the Class; and (2) approving Gardner's selection of Pomerantz as Lead Counsel for the Class.

Dated: May 13, 2024                    Respectfully submitted,

                                       POMERANTZ LLP

                                       */s/ Thomas H. Przybylowski*
                                       Thomas H. Przybylowski

Jeremy A. Lieberman
(*pro hac vice* application pending)
J. Alexander Hood II
(*pro hac vice* application pending)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant Curtis Gardner and
Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
(*pro hac vice* application pending)
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Movant Curtis
Gardner*

9