<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID D'AGOSTINO, Individually and On Behalf of All Others Similarly Situated, *Plaintiff,* v. INNODATA, INC., JACK ABUHOFF, MARK SPELKER, and MARISSA ESPINELI, *Defendants.* | Case No. 2:24-cv-00971-JKS-JSA **OPINION** October 30, 2024 |

**SEMPER**, District Judge.

This matter comes before the Court upon competing motions to appoint lead plaintiff and lead counsel filed by Plaintiff Francis Grondin ("Grondin") and Plaintiff Curtis Gardner ("Gardner"). (ECF 4; ECF 6.) Both Grondin and Gardner filed opposition briefs. (ECF 10, "Grondin Opp." and ECF 11, "Gardner Opp.") Both Grondin and Gardner filed reply briefs. (ECF 14, "Gardner Reply" and ECF 15, "Grondin Reply.") The Court considered the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated herein, Grondin's motion for appointment as lead plaintiff and approval of counsel (ECF 4) is **GRANTED**, and Gardner's motion for appointment as lead plaintiff and approval of counsel (ECF 6) is **DENIED**.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This is a putative federal securities class action brought on behalf of all those who purchased or otherwise acquired Innodata Inc. common stock during the period from May 9, 2019 through February 14, 2024, inclusive (the "Class Period"), who were damaged thereby (the

"Class"). (ECF 1, Compl. ¶ 1.) This action is brought on behalf of the Class for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. (*Id.*)

Defendant Innodata is a global data engineering company that purports to be "delivering the promise of [artificial intelligence, referred to as] AI[,] to many of the world's most prestigious companies." (*Id.* ¶ 2.) Innodata states that it provides AI-enabled software platforms and managed services for AI data collection/annotation, AI digital transformation, and industry-specific business processes. (*Id.*) Plaintiffs allege that Defendants Innodata, Jack Abuhoff, Mark Spelker, and Marissa Espineli made false and/or misleading statements, as well as failed to disclose material facts regarding, among other things, Innodata's AI technology and use of AI. (*Id.* ¶ 3.)

On February 21, 2024, Plaintiff David D'Agostino filed the Complaint individually and on behalf of all others similarly situated. (ECF 1.) On April 22, 2024, both Plaintiff Francis Grondin and Plaintiff Curtis Gardner filed a motion to appoint lead plaintiff and lead counsel. (ECF 4; ECF 6.) The Court now considers both motions.

## II.     APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act ("PSLRA") directs the Court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be [the] most capable of adequately representing the interests of class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i). As relevant here,

> I.  In general. . . . the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a
>
> notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial
> interest in the relief sought by the class; and

>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
>
> II. Rebuttal evidence. The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff —
>
>> (aa) will not fairly and adequately protect the interests of the class; or
>>
>> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As stated in subsection (a)(3)(I)(cc), the "most adequate plaintiff" must also satisfy the requirements of Federal Rule of Civil Procedure 23:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

### A. Largest Financial Interest

The Third Circuit has been clear that "[i]n appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status. The process begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'" *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)). In doing so, "[c]ourts have discretion to appoint an investor with the largest stake in the litigation." *Roby v. Ocean Power Techs., Inc.*, No. 14-3799, 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015) (citing *In re Cendant Corp. Litig.*, 264 F.3d at 262). "The Third Circuit has concluded that 'largest financial interest' means the largest loss." *Roby*, 2015 WL 1334320, at *5

3

(citing *In re Cendant Corp. Litig.*, 264 F.3d at 223); *see also In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d. 562, 567 (D.N.J. 2006) (same). In making this determination, "courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *In re Cendant Corp. Litig.*, 264 F.3d at 262. To that end, district courts within the Third Circuit "have accorded the third element, the largest financial loss, the greatest weight." *Roby*, 2015 WL 1334320, at *5 (collecting cases).

Here, Grondin suffered $27,798.69 in losses. (*See* ECF 4.) Gardner suffered $24,426.00 in losses. (*See* ECF 6.) Although Grondin suffered a greater loss than Gardner, Gardner argues that he should be appointed lead plaintiff because he purchased and retained more shares than Grondin and expended greater funds. (Gardner Opp. at 3.) However, courts within the Third Circuit consider the approximate loss suffered to be the most important factor when assessing the largest financial interest. *Stires v. Eco Sci. Sols., Inc.*, No. 17-3707, 2018 WL 5784817, at *4 (D.N.J. Feb. 14, 2018) (citing *Roby*, 2015 WL 1334320, at *5, *14). The parties agree that Grondin sustained $27,798.69 in losses and Gardner sustained $24,426.00 in losses. (Gardner Opp. at 3; Grondin Reply at 2.) Accordingly, Grondin has the "largest financial interest in the relief sought by the class" and will be the presumptive most adequate plaintiff if he "otherwise satisfies" the typicality and adequacy requirements of Rule 23.

### B.    Rule 23 Requirements

"Once the court has identified the movant with 'the largest financial interest in the relief sought by the class,' it should then turn to the question whether that movant 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure,' and is thus the presumptively most adequate plaintiff." *In re Cendant Corp. Litig.*, 264 F.3d at 263-64 (quoting 15 U.S.C. § 78u-

4

4(a)(3)(B)(iii)(I) (cc)). This "inquiry . . . should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy." *In re Cendant Corp. Litig.*, 264 F.3d at 263. This assessment "should be a product of the court's independent judgment," but "need not be extensive." *Id.* at 263-64. "In conducting the initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements, the court may and should consider the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted." *Id.* at 264. "When making these determinations, courts should apply traditional Rule 23 principles." *Id.* at 264-65.

> Specifically,
>
> > in inquiring whether the movant has preliminarily satisfied the typicality requirement, they should consider whether the circumstances of the movant with the largest losses "are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based."
> >
> > In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether it "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class."

*Id.* at 265 (alterations in original) (quoting *Hassine v. Jeffes*, 846 F.2d 167, 177, 179 (3d Cir. 1988)). "In making the initial adequacy assessment in this context, courts should also . . . inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement with that counsel." *In re Cendant Corp. Litig.*, 264 F.3d at 265.

First, the typicality requirement is satisfied when the named plaintiff has (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct by

5

defendants, and (3) their claims are based on the same legal issues. *Blake Partners, Inc. v. Orbcomm, Inc.*, No. 07-4590, 2008 WL 2277117, at *6 (D.N.J. June 2, 2008) (citing *Weiss v. York Hosp.*, 745 F.2d 786, 809 & n.36 (3d Cir. 1984)). Here, Grondin's claims are based on the same legal theory and arise from the same events and course of conduct as the claims of the class. (*See, e.g.*, Grondin Reply at 5-7 ("Grondin alleges, 'as do all putative class members, that Defendants violated federal securities laws during the Class Period by making false or misleading statements of material facts, or omitting to state material facts,' and that he purchased or otherwise acquired Innodata securities during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof.").) At this stage of appointing lead plaintiff pursuant to the PSLRA, the Court finds that Grondin satisfies Rule 23's typicality requirement.

Second, the adequacy requirement is satisfied if "both the class representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of other class members." *Lifestyle Investments, LLC v. Amicus Therapeutics*, No. 15-7448, 2016 WL 3032684, at *7 (internal quotations omitted) (quoting *Smith v. Suprema Specialties*, 206 F. Supp. 2d 627, 633 (D.N.J. 2002)); *see also In re Cendant Corp. Litig.*, 264 F.3d at 265 ("In assessing whether the movant satisfies Rule 23's adequacy requirement, courts should consider whether [the movant] 'has the ability and incentive to represent the claims of the class vigorously, [whether the movant] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" (quoting *Hassine*, 846 F.2d at 179)). Here, Grondin, like the other members of the proposed class, seeks to recover the losses he incurred as a result of Defendants' alleged unlawful conduct. Additionally, given his financial losses, Grondin appears interested in vigorously pursuing the asserted claims and has retained competent and experienced counsel to that end. Furthermore, there does not appear to be a conflict

6

between Grondin's claims and those of the purported class. At this stage of appointing lead plaintiff pursuant to the PSLRA, the Court finds Grondin satisfies Rule 23's adequacy requirement.

     **C.**     **Timeliness of Motion**

In determining whether a potential lead plaintiff has "either filed the complaint or made a motion in response to a notice," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa), the PSLRA explains that

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.
>
> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published[.]

15 U.S.C. § 78u-4(a)(3)(A)(i)-(ii). Accordingly, a movant must have either (1) "filed the complaint" or (2) made a motion in response to the notice associated with the first-filed complaint "not later than 60 days after the date on which the notice is published." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Here, Grondin did not file the Complaint. Therefore, Grondin must have made a motion in response to the notice associated with the Complaint in accordance with Section 78u-4(a)(3)(B)(iii)(I)(aa). On February 21, 2024, notice was published in connection with the Complaint. (ECF 4-4.) Accordingly, Grondin had sixty days to move in response to the notice. The notice stated that motions to appoint lead plaintiff had to be filed by Monday, April 22, 2024.[1] (*See*

---

[1] *See* Fed. R. Civ. P. 6(a)(1)(C) ("The following rules apply in computing any time period . . . [w]hen the period is stated in days . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

ECF 4-4, Ex. A.) Grondin so moved. (ECF 4.) Therefore, Grondin timely filed a motion for appointment as lead plaintiff in compliance with the PSLRA.[2] 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### D. Presumption of Lead Plaintiff

"Once a presumptive lead plaintiff is located, the court should then turn to the question whether the presumption has been rebutted." *In re Cendant Corp. Litig.*, 264 F.3d at 268. However, "[i]f no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff." *Id.* Presently, there is no compelling challenge to the appointment of Grondin as lead plaintiff. Accordingly, the presumption of adequacy stands. *See, e.g., Arbitrage Fund v. Toronto-Dominion Bank*, No. 23-2763, 2023 WL 5550198, at *5 (D.N.J. Aug. 29, 2023) (finding presumption of adequacy must stand where no challenges were made); *In re Party City Sec. Litig.*, 189 F.R.D. 91, 112 (D.N.J. 1999) ("Absent such a challenge, the presumption of adequacy will generally survive."); *Zuckerman v. Foxmeyer Health Corp.*, No. 96-2258, 1997 WL 314422, at *2 (N.D. Tex. Mar. 26, 1997) ("No purported class member has presented evidence to rebut this presumption. Therefore, the Court will appoint the movants as lead plaintiffs.").

Grondin appears to have the largest financial interest, satisfied the Rule 23 requirements, and filed a timely motion. The presumption that Grondin is the most adequate plaintiff has not been rebutted. For these reasons, the Court will appoint Grondin as lead plaintiff, and his motion (ECF 4) is **GRANTED**.

---

[2] *In re Sequans Communs. S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 420 (E.D.N.Y. 2018) (citing Fed. R. Civ. P. 6(a)(1)(C) and noting that 60-day period ended on October 10, 2017 when notice was filed on August 9, 2017 because October 9, 2017 was a federal holiday).

### III.  APPOINTMENT OF LEAD COUNSEL

15 U.S.C. § 78u-4(a)(3)(B)(v) provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." Because the Court finds Grondin to be the most adequate plaintiff, this task falls to him. Grondin moved for approval of Block & Leviton LLP as Lead Counsel, and Carella, Byrne, Cecchi, Brody & Agnello, P.C. as Local Counsel. (ECF 4.)

There is "a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *In re Cendant Corp. Litig.*, 264 F.3d at 276. "When a properly-appointed lead plaintiff asks the court to approve its choice of lead counsel and of a retainer agreement, the question is not whether the court believes that the lead plaintiff could have made a better choice or gotten a better deal." *Id.* Rather, "the court's inquiry is appropriately limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms." *Id.* The Third Circuit considers the following factors in deciding whether the selection of lead plaintiff's counsel is appropriate: (1) the quantum of legal experience and sophistication possessed by the lead plaintiff; (2) the manner in which the lead plaintiff chose what law firms to consider; (3) the process by which the lead plaintiff selected its final choice; (4) the qualifications and experience of counsel selected by the lead plaintiff; and (5) the evidence that the retainer agreement negotiated by the lead plaintiff was (or was not) the product of serious negotiations between the lead plaintiff and the prospective lead counsel. *Id.* at 27.

Grondin's chosen law firms have prosecuted numerous securities fraud class actions on behalf of investors. (*See* ECF 4-8, Ex. E; ECF 4-9, Ex. F.) After reviewing the firms' resumes, the Court finds that both firms have substantial experience litigating securities fraud class actions and are thus "competent to fulfill the duties of lead counsel and liaison counsel." *Lewis v. Lipocine*

9

*Inc.*, No. 16-4009, 2016 WL 7042075, at *5 (D.N.J. Dec. 2, 2016). As a result, Grondin's motion to appoint lead counsel is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, Grondin's motion for appointment as lead plaintiff and approval of counsel (ECF 4) is **GRANTED**, and Gardner's motion for appointment as lead plaintiff and approval of counsel (ECF 6) is **DENIED**.

An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:    Clerk
cc:      Jessica S. Allen, U.S.M.J.
        Parties