James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700 phone
JCecchi@carellabyrne.com
DEcklund@carellabyrne.com
KCooper@carellabyrne.com

*Local Counsel for Lead Plaintiff*

[Additional counsel appears on signature page.]

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID D'AGOSTINO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>INNODATA INC., JACK ABUHOFF, MARK SPELKER, and MARISSA ESPINELI,<br><br>       Defendants. | Case No. 2:24-cv-971-JKS-JSA<br><br>**<u>CLASS ACTION</u>** |

### UNOPPOSED MOTION TO FILE SECOND AMENDED COMPLAINT

Pursuant to Civ. Rule 15.1, Lead Plaintiff Francis Grondin ("Plaintiff") respectfully moves

for leave to file a Second Amended Complaint to fix a scrivener's error in the Amended Complaint

(ECF No. 38) and to avoid confusion in the briefing of Defendants' (together with Plaintiff, the

"Parties") motions to dismiss. *See* Exhibits A (copy of the proposed amendment) and B (redline

comparison of the proposed amendment to the Amended Complaint).

The attached redline copy of the Second Amended Complaint shows the proposed changes. Lead Plaintiff has also attached a clean copy of the proposed amended pleading. As shown, the proposed amendment corrects the text in two paragraphs of the "Parties and Witnesses" section of the Amended Complaint, where the numbers of two former employees of Innodata were inadvertently switched. Exs. A and B, ¶¶29, 30. Defendants Innodata, Abuhoff, and Espineli raised a discrepancy stemming from this error in their motion to dismiss. *See* ECF No. 41-1 at 21.

Leave to amend should be freely given when justice so requires. Fed. R. Ci. P. 15(a)(2). The Supreme Court has instructed that "this mandate is to be heeded" to give a plaintiff "an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, granting leave to amend is "liberally favored," especially where it would "promote the economic and speedy disposition of the entire controversy between the parties." *Rhulen v. LG Chem Am., Inc.*, 2018 WL 515851, at *1 (D.N.J. Jan. 23, 2018). Indeed, the Third Circuit has held that "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Accordingly, courts considering a motion for leave to amend analyze whether important equitable factors such as "undue delay, bad faith, undue prejudice, and futility of the proposed amendment" militate against amendment. *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*, 2013 WL 2395035, at *3 (D.N.J. May 29, 2013) (Chesler, J.). Absent a showing that such factors predominate, "leave to amend should generally be freely granted." *Boldman v. Wal-Mart Stores, Inc.*, 2016 WL 4418219 at *2 (D.N.J. Aug. 17, 2016); *see also TLE Mktg. Corp. v. WBM, LLC*, 2018 WL 4401725, at *3 (D.N.J. Sept. 14, 2018) ("[W]here there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted."); *Accurate Abstracts, LLC v. Havas Edge, LLC*, 2014 WL 3573402, at *2 (D.N.J. July 21, 2014) (cautioning that "[t]he Court may deny a

motion to amend the pleadings only where there is" a demonstration of one of these equitable factors). This liberal standard applies equally to cases proceeding under the PSLRA, such as this one. *See Werner v. Werner*, 267 F.3d 288, 297 (3d Cir. 2001) (despite the "high burden[]" of the PSLRA, "[w]e will not add to the strict discovery restrictions in the [PSLRA] by narrowly construing Rule 15," finding "justice and fairness require" leave to amend to add newly discovered allegations).

In light of the liberal standard of Rule 15(a), furthering "the economic and speedy disposition" of this litigation through the consideration of additional material allegations warrants granting leave to amend. *Rhulen*, 2018 WL 515851, at *1. Plaintiff's proposed amendment would allow the Court to more efficiently consider Plaintiff's claims on the merits at the pleading stage by setting forth the fullest available set of factual allegations for review at the soonest possible time. The amendment would conserve judicial resources and promote efficiency by obviating the need for the Court to rule on allegations that Plaintiff intends to augment with particularized facts of clear relevance to this action. These are precisely the sort of circumstances in which other courts in this district and elsewhere have granted leave to amend. *See, e.g., Campbell v. Sedgwick Detert, Moran & Arnold*, 2013 WL 1314429, at *4 (D.N.J. Mar. 28, 2013) (permitting amendment to plead newly-discovered facts).

Lead Plaintiff's motion has been timely raised, is not motivated by bad faith or dilatory motives, will not cause Defendants undue prejudice, and would not be futile. *See In re Merck*, 2013 WL 2395035, at *3. Defendants have consented to Plaintiff's requested amendment, and Plaintiff respectfully submits that it would not be futile or inequitable. *See In re Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 153 (3d Cir. 2004); *Lovallo v. Pacira Pharms., Inc.*, WL 7300492, at *14 (D.N.J. Nov. 18, 2015). The Parties also determined that the amendment would not warrant changes to the

current briefing schedule. Defendants plan to promptly file slightly revised motions to dismiss in response to the amendment.

Lastly, in considering a motion for leave to amend, courts deem undue prejudice to the non-moving party "the touchstone for the denial of the amendment." *In re Bristol-Myers Squibb Sec. Litig.*, 228 F.R.D. 221, 228 (D.N.J. 2005). Here, allowing Plaintiff to amend the operative complaint and Defendants to re-file their motions to dismiss would be the fairest and most efficient resolution of this circumstance.

For the foregoing reasons, Lead Plaintiff respectfully requests that leave to amend be granted.

April 7, 2025

Respectfully submitted,

/s/ Kevin G. Cooper
James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700 phone
(973) 994-1744 fax
JCecchi@carellabyrne.com
DEcklund@carellabyrne.com
KCooper@carellabyrne.com

*Local Counsel for Lead Plaintiff Grondin and the Class*

Jeffrey C. Block (*pro hac vice*)
Jacob A. Walker (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
jake@blockleviton.com

*Lead Counsel for Lead Plaintiff Grondin and the Class*