# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DAVID D'AGOSTINO, individually
and on behalf of all others similarly
situated,

      Plaintiff,

v.

INNODATA INC., JACK ABUHOFF,
MARK SPELKER, and MARISSA
ESPINELI,

      Defendants.

Case No. 2:24-cv-971-JKS-JSA

**<u>CLASS ACTION</u>**

## LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE IN SUPPORT OF MOTION TO DISMISS

James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
**CARELLA BYRNE CECCHI
    BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700 phone
JCecchi@carellabyrne.com
DEcklund@carellabyrne.com
KCooper@carellabyrne.com

*Local Counsel for Lead Plaintiff*

[Additional counsel appears on signature page.]

Lead Plaintiff Francis Grondin ("Plaintiff") respectfully submits this response to the Innodata Defendants' Notice in Support of Motion to Dismiss and the associated Exhibit A (ECF Nos. 55-56, "Notice"). In their Notice, the Innodata Defendants introduce new facts—namely, the Company's claim that the SEC and DOJ's have decided not to take enforcement action against Innodata—and improperly argue that they "underscore[] the lack of merit in Plaintiff's claims and further support[] dismissal." ECF No. 55 at 3. The Court should disregard the Innodata Defendants' new arguments and inferences drawn from the Company's statements.

### A. Under The Judicial Notice Doctrine, The Innodata Defendants' Notice Cannot Raise Competing Inferences

The Innodata Defendants fail to provide a basis for filing the Notice and ignore the procedure for requesting judicial notice. Federal Rule of Evidence 201(b) allows a court "to take judicial notice of facts that are not subject to reasonable dispute" but "it is improper for a court to take judicial notice of the veracity and validity of a public document's contents when the parties dispute the meaning and truth of the contents." I*n re Amarin Corp. PLC Sec. Litig.*, 2021 WL 1171669, at *7 (D.N.J. Mar. 29, 2021), *aff'd*, 2022 WL 2128560 (3d Cir. June 14, 2022). That is exactly the case here; the parties dispute the meaning of Exhibit A.

The Innodata Defendants' inferences from the Company's statement about supposed SEC and DOJ decisions are purely speculative. Exhibit A shows a simple

1

fact, that Innodata reported the SEC and DOJ declined to take enforcement action against Innodata. In contrast, the suggestion that the Company's claims about the agencies' decisions somehow damage Plaintiff's claims is purely speculative. Exhibit A does not state that the agencies made any substantive findings regarding any allegations or wrongdoing which may have been committed by Defendants. Instead, they ask the Court to draw the inference in their favor that, after a new administration took over the SEC and DOJ, with publicly stated intentions of relaxed enforcement initiates, that the agencies purported decisions to discontinue their investigations means that there is no merit to Plaintiff's allegations. The Innodata Defendants' request goes too far. Allowing the Innodata Defendants' speculative theories to impact the Court's independent determination of Plaintiff's claims would be improper.

The Innodata Defendants are effectively asking the Court to disregard established precedent that "when deciding a 12(b)(6) motion, courts deem all well-pleaded facts as true and draw all reasonable inferences in plaintiffs' favor" and to instead draw inferences in Defendants' favor. This would create a premature factual dispute and should be disregarded at this stage. *See Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242, 260 n.31 (3d Cir. 2009) ("a jury could decide" if the defendants' factual assertions are "in tension" with plaintiff's allegations).

### B. The Notice is Irrelevant to the Motion to Dismiss

2

Even if considered and assumed to be true, the SEC and DOJ's decisions have no bearing on whether Defendants made false and misleading statements with scienter during the Class Period. The Innodata Defendants have offered competing arguments on this point, downplaying the relevance of the investigations while also arguing the decision not to bring enforcement actions "further supports dismissal." ECF No. 55 at 2-3.

While ongoing investigations can be a "a piece of the puzzle" that contribute to the holistic analysis of scienter as Plaintiff previously stated, *see* ECF No. 51 at 32, the agencies' decisions not to proceed with enforcement actions are irrelevant to the question of whether Plaintiff pled a strong inference of scienter. *See Padilla v. Community Health Systems, Inc.*, 2022 WL 3452318 at \*31 (M.D. Tenn. Aug. 17, 2022) (upholding securities fraud claims and declining to consider "inconclusive SEC investigation").

Contrary to the Innodata Defendants' argument, Plaintiff did not "rely on the mere existence of the investigations," ECF No. 55 at 2, but their delay of over seven months in disclosing the investigations further demonstrates their pattern of concealing information about the credibility of Innodata's AI claims. ECF No. 51 at 32 (citing *City of Warren Police & Fire Ret. Sys. v. World Wrestling Ent. Inc.*, 477 F. Supp. 3d 123, 138 (S.D.N.Y. 2020) (the motive to falsely dampen "troubling" news "plausibly supports an inference of scienter.")). The SEC and DOJ's purported

3

later decisions not to bring enforcement actions does not change this fact.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court disregard the improper factual inferences raised in the Innodata Defendants' Notice.

July 1, 2025

Respectfully submitted,

/s/ James E. Cecchi
James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
**CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700 phone
(973) 994-1744 fax
JCecchi@carellabyrne.com
DEcklund@carellabyrne.com
KCooper@carellabyrne.com

*Local Counsel for Lead Plaintiff Grondin
and the Class*

Jeffrey C. Block (*pro hac vice*)
Jacob A. Walker (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
jake@blockleviton.com

*Lead Counsel for Lead Plaintiff Grondin
and the Class*

4